IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CORNELIUS DUPREE, JR., ID # 308310,  )<br>Petitioner,  )<br>vs.  )<br>  )<br>NATHANIEL QUARTERMAN, Director,  )<br>Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>Respondent.  ) | No. 3:06-CV-1349-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a failure of the state courts to make a finding on his third state habeas application for writ of habeas corpus related to issues regarding a parole revocation or denial. Respondent is Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

B. Procedural and Factual History

In April 1980, petitioner was convicted of aggravated robbery and was sentenced to seventy-five years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On May 16, 2005, petitioner filed a third application for writ of habeas corpus that raised "parole revocation issues". (Id. at 3.) On June 7, 2006, the Texas Court of Criminal Appeals denied that application without written

order. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID =2244713 (accessed August 21, 2006) (showing disposition of petitioner's third state writ).

Petitioner filed the instant federal petition in July 2006. (*See* Pet. at 1.) In an effort to clarify the precise challenge raised by petitioner in the instant action, the Court mailed him a Magistrate Judge's Questionnaire (MJQ). In his answers to that MJQ, petitioner specifically indicates that he challenges a failure to make a finding on his third state habeas application. (*See* Answer to Question 1 of MJQ.)

## II. PRELIMINARY REVIEW

Petitioner challenges a failure of the state courts to make a finding regarding his third state habeas application. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for the preliminary review of federal petitions for writ of habeas corpus prior to ordering a response to the petition. More specifically, the rule provides that "[i]f it plainly appears from the face of the petition and any exhibit annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner's challenge regarding the failure of the state courts to make a finding related to his state habeas application raises no claim cognizable under 28 U.S.C. § 2254. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *accord* 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors).

"[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Because petitioner asserts no constitutional violation, the Court should summarily dismiss this action under Rule 4.[1]

### III.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court summarily **DISMISS** petitioner's application for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 25th day of August, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  To the extent that petitioner may be challenging a parole revocation or denial that occurred in April 2004, (*see* Pet. at 2, 5 (indicating a potential challenge regarding April 2004 proceedings), the instant action appears untimely under the one-year period of limitations imposed by 28 U.S.C. § 2244(d). The one-year period would have expired before petitioner filed his state habeas application on May 16, 2005. Consequently, even were the Court to construe the instant action as a challenge to the April 2004 proceedings notwithstanding the precision of petitioner's answer to the MJQ which specifically identifies his federal habeas challenge as related to the failure of the state courts to make a finding on his third state habeas application, the Court would summarily dismiss the challenge to the April 2004 proceedings pursuant to Rule 4.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE